S. LANE TUCKER
United States Attorney

MAC CAILLE PETURSSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: mac.caille.petursson@usdoj.gov

MCKENZIE HIGHTOWER
Trial Attorney, Department of Justice
Child Exploitation and Obscenity Section
1301 New York Ave NW, 11th Fl
Washington, DC 20530
Email: McKenzie.Hightower2@usdoj.gov


Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:24-mj-00070-MMS |
| Plaintiff, | |
| vs. | |
| WILLIAM STEADMAN, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through undersigned counsel, hereby submits

this memorandum in support of its request under 18 U.S.C. § 3142(e) and (f) for the Court

to order Defendant William Steadman detained pending trial. *See United States v. Winsor*,

785 F.2d 755, 756 (9th Cir. 1986) ("[T]he government may proceed in a detention hearing by proffer or hearsay."). As explained below, the Defendant poses a significant danger to this community and a risk of non-appearance, and this Court should find that there are no conditions of release that can adequately mitigate these risks.

## I.      FACTUAL BACKGROUND

The Defendant was first convicted of Possession of Child Pornography in 2018[1] and was sentenced to six years imprisonment, with three years suspended, and five years of supervised release to follow. Far from being deterred, the Defendant soon began exploiting children again once released and while on supervised release, both online and in his community. The Defendant utilized the dark web to register on at least three websites dedicated to the sexual exploitation of minors. These websites break their content down into such categories as minors engaged in bestiality, incest, and baby rape.

As early as January of 2024, the Defendant posted on one such board and stated that he had lured a minor into his grasp within three weeks of meeting that minor. A few months later, he bragged about his victim to other users on the dark web, posting a photo of the child. Although law enforcement could not access the photo, the name of the file was the same as another depicting MINOR VICTIM 1, an identified pre-pubescent boy in Defendant's community. It appears that the defendant groomed MINOR VICTIM 1 over the course of six months until the child thought of the Defendant as his "boyfriend." The Defendant commented to other users on the dark web that MINOR VICTIM 1 was going

---

[1] The PTSR in this case describes a prior for unlawful exploitation of a minor (production of child pornography), as does the Alaska Court System records, however the Judgment the Government obtained says possession of child pornography.

Case 1:24-cr-00009-TMB-MMS     Document 7     Filed 09/12/24     Page 2 of 13

through domestic problems at home and instead of attempting to assist him, he used the boy's vulnerability to sexually exploit him.

During this six-month window, the Defendant produced multiple depictions of child pornography with MINOR VICTIM 1, including:

- One image depicts MINOR VICTIM 1 displaying his anus, penis, and genitals to the camera. The victim's face is barely visible, and it appears he is laying on his back with a blanket underneath him. A black male's hand can also be partially seen in this image.

- One image depicts MINOR VICTIM 1 with an erect penis. The victim appears to be extending his penis towards the camera. His anus is partially visible in this image as well.

- One image depicts a victim sitting on a grey colored couch fully nude.[2] A water bottle is covering his penis; however, his testicles can be seen. The victim appears to be playing on a phone while looking away from the camera. The nude male victim appears to be the focus of the picture as the camera appears to be focused on him. In addition, the picture appears to be taken surreptitiously so as to show others that the SUBJECT had access to the victim. A black male's hand is also observed which is covered with several tattoos. One tattoo appears to be an infinity sign perpendicular to his thumb and another tattoo appears to say "HD 5 R" on the top of his hand.

---

[2] Although it is believed this is MINOR VICTIM 1, the angle and surreptitious nature of the photo makes it difficult to identify the victim.

Case 1:24-cr-00009-TMB-MMS    Document 7    Filed 09/12/24    Page 3 of 13

- One photo depicts the victim referenced above fully clothed and asleep on the same grey couch where he was observed fully nude previously. In front of his face is a phone with the writing "DARK WEB USERNAME 1"[3] on it.

The display of one's dark web username near a child is a common practice on the dark web. When the Defendant posted the photo, he indicated to his community of pedophiles on the dark web that he had access to a real minor to raise his "prestige." In April of 2024, the Defendant was separated from MINOR VICTIM 1 and he commiserated about his inability to continue his exploitation of the child on the dark web due to individuals discovering his prior possession of child pornography conviction. He commented how they had been sexually active and how MINOR VICTIM 1 hadn't disclosed the abuse to Child Protective Services. The Defendant stated that he had done nothing wrong to MINOR VICTIM 1.

On August 26, 2024, a cryptocurrency address, which belonged to an account linked to Steadman, was identified as sending money from Alaska to pay for premium access to child pornography content on a known child pornography dark web site. The USSS checked with local law enforcement at this time and also learned that the Defendant failed to register as a sex offender in Alaska and was recently re-arrested.[4] The commander also informed the USSS that he believes MINOR VICTIM 1 was forensically interviewed by

---

[3] The dark web username is known to law enforcement, but it has been redacted in order to preserve ongoing investigations into the websites that DARK WEB USERNAME 1 utilized.
[4] *State of Alaska v. William Steadman*, 1JU-24-00728CR, pending with a date of offense of 11/13/2023; *State of Alaska v. William Steadman*, 1JU-24-00727CR, pending with a date of offense of 7/21/2024.

*United States v. Steadman*
1:24-mj-00070-MMS                    Page 4 of 13
Case 1:24-cr-00009-TMB-MMS     Document 7     Filed 09/12/24     Page 4 of 13

the local Children's Advocacy Center on or about May 1, 2024 in relation to the Defendant's re-arrest for failure to register as a sex offender. The USSS was informed that the minor victim did not make any disclosures during that interview. However, the forensic interviewer and law enforcement were unaware of the child pornography described above at the time of the previous interview. Subsequently, MINOR VICTIM 1 did disclose the abuse to law enforcement and indicated the Defendant has abused a second minor victim.

On September 5, 2024, the Honorable Matthew M. Scoble signed a search warrant for the Defendant's residence, person, and devices, as well as a criminal complaint charging Defendant with one count of sexual exploitation of children, a/k/a/ production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e).[5] Upon execution of the search warrant several discoveries were made. A cursory search of one of the Defendant's phones revealed at least one apparent child sexual abuse material (CSAM) video with the words "JulyJailbait" displayed in the video. The video appears to be of an adult male having intercourse with a pre-pubescent female. Additional review revealed a Google photo album titled "[REDACTED MINOR VICTIM 1'S NAME" dated March 22 - April 22. This photo album was not viewable as an established internet connection was needed to view the pictures and the phone was in airplane mode at the time of the review. It appears there are approximately 162 items located in the album.

---

[5] As described herein, the investigation also revealed conduct that may support a charge of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2)—specifically, the distribution of child pornography over the dark web—and possession of child pornography—in violation of 18 U.S.C. § 2252(a)(4), as well as violations of 18 U.S.C. § 2422, coercion and enticement of a minor. However, forensic analysis remains ongoing.

*United States v. Steadman*
1:24-mj-00070-MMS                    Page 5 of 13
Case 1:24-cr-00009-TMB-MMS    Document 7    Filed 09/12/24    Page 5 of 13

Further review of the phone revealed two installed TOR browser applications titled "Tor Browser" and "Tor Browser Alpha". The application "Orbot" was also installed. According to research conducted by USSS, Orbot is a free proxy app that provides anonymity on the Internet for users of the Android and iOS operating systems. A "RAR"[6] application was also installed on the phone. A review of the RAR application revealed several downloaded files titled "Cheerful-girl-fucks-and-sucks_Girl_Hardcore_Pedophilia_White_Full-quality.webm", which appears to have been downloaded on September 6, 2024 at 3:22am, just hours before the residential search warrant. A search of the "Notes" application on the phone revealed several note files with what appears to be dark web CSAM board usernames and passwords.

Additionally, USSS reviewed a black notebook found in Steadman's hotel room. Within the notebook was a section titled "Pre-Occupations" and it contained musings on plots to get revenge on people that had previously wronged him, writings in relation to how to best torture others, fantasies about death and killing, descriptions of his "preferred victims" being between 9 and 17 years-old, and a history of his devolution into child pornography.

## II.  LEGAL STANDARD

The United States requests a detention hearing because the Defendant has been charged with a felony that "involves a minor victim."  18 U.S.C. § 3142(f)(1)(E).  There is a rebuttable presumption in this case under 18 U.S.C. § 3142(e)(3)(E). Pursuant to §

---

[6] A RAR application is a program that can open and extract RAR files, which are compressed archives that can contain one or more files or folders.

*United States v. Steadman*
1:24-mj-00070-MMS                     Page 6 of 13
Case 1:24-cr-00009-TMB-MMS     Document 7     Filed 09/12/24     Page 6 of 13

3142(g), the Court must determine whether there are any "conditions of release that will reasonably assure the appearance of [the Defendant] as required and the safety of any other person and the community." When making this determination, the Court should consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the Defendant's history and characteristics, and (4) the nature and seriousness of the danger to the community posed by the Defendant's release. *See* 18 U.S.C. § 3142(g). If the Defendant overcomes his burden, then the government bears the burden of proving that the Defendant is a risk of flight by a preponderance of the evidence and that he is a danger to the community by clear and convincing evidence. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

### III.    ARGUMENT

As an initial matter, there is a presumption of detention based on the nature of the charges in the complaint. The charge involves a minor victim and is considered a "crime of violence" for purposes of 18 U.S.C. § 3142(f)(1)(A). *See* 18 U.S.C. § 3156(a)(4)(c) (defining "crime of violence" to include "any felony under chapter 109A, 110, or 117"). Additionally, the charge carries a rebuttable presumption in favor of pretrial detention. 18 U.S.C. § 3142(e)(3)(E). Accordingly, this Court begins its analysis by presuming that no condition or combination of conditions will reasonably ensure the Defendant's appearance at trial or the safety of the community. 18 U.S.C. § 3142(e)(3)(E). Even if the Defendant does rebut this presumption, it "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in

*United States v. Steadman*
1:24-mj-00070-MMS                        Page 7 of 13
Case 1:24-cr-00009-TMB-MMS    Document 7    Filed 09/12/24    Page 7 of 13

[18 U.S.C.] § 3142(g)." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (citations removed)).

Based on careful consideration of the factors enumerated in 18 U.S.C. § 3142(g), as further detailed below, the United States submits that there is no condition or combination of conditions that will reasonably assure the safety of the community or the Defendant's appearance should he be released pending trial.

## A. The nature and circumstances of the offense charged

The Defendant has a history dating back years of continued child exploitation crimes and they have only escalated. Incarceration did not deter his actions. If anything, his past criminal conduct only caused the defendant to increase the sophistication of his crimes. In 2018, when he was convicted of possession of child pornography by the State of Alaska, the Defendant uploaded child pornography to a Photobucket account. This generated a CyberTip report documenting his actions.

Now, the Defendant has begun masking his criminal activity using the anonymity of the dark web and proxy applications on his devices. He began using cryptocurrency, a payment form that most criminal offenders think is untraceable, to avoid detection. He began communicating with a community of other pedophiles to not only boast about his sexual exploitation of minors, but to also learn from them how to avoid detection and prosecution. Finally, he made the choice to not only derive sexual pleasure from existing CSAM, but to produce his own with at least one vulnerable child in his community.

Even at the time of his arrest, it appeared the Defendant was in the process of reengaging with MINOR VICTIM 1, as well as other minor victims. When MINOR

*United States v. Steadman*
1:24-mj-00070-MMS                    Page 8 of 13
Case 1:24-cr-00009-TMB-MMS    Document 7    Filed 09/12/24    Page 8 of 13

VICTIM 1 was separated from the Defendant in late April 2024, he made tribute videos to the child and tried to get other minors to befriend MINOR VICTIM 1 so they could be together in groups. Subsequent investigation revealed that MINOR VICTIM 1 has had a restraining order in place since approximately May 2024, in State of *Alaska v. William Steadman,* case no. 1JU-24-00516CR. MINOR VICTIM 1 reported that as recently as August, that the Defendant attempted to make contact with MINOR VICTIM 1 by waiting for MINOR VICTIM 1 at a bus stop he knew MINOR VICTIM 1 would be at.

## B. The weight of the evidence against the person

The evidence against the Defendant is strong. The Defendant was identified in multiple CSAM photos based on his distinctive tattoos. For example, the sanitized photo below is the offenders hand in the CSAM image:



The image matches the tattoos found on the Defendant's hand:



*United States v. Steadman*
1:24-mj-00070-MMS                  Page 9 of 13
Case 1:24-cr-00009-TMB-MMS    Document 7    Filed 09/12/24    Page 9 of 13

This positive identification coupled with key pieces of information that DARK WEB USERNAME 1 shared (his prior conviction, his location, financial information, his proximity to the victim, and that his victim was previously interviewed by CPS) provides strong evidence that the Defendant is DARK WEB USERNAME 1 and produced child pornography.

Additionally, although only a preliminary review was done on some of Defendant's devices, a photo album with MINOR VICTIM 1's name was found on his phone in addition to TOR artifacts. Specifically, multiple websites that DARK WEB USERNAME 1 has registered on were found saved in the "Notes" section of the Defendant's phone. Finally, when interviewed, the Defendant admitted to downloading CSAM previously on TOR and knowing MINOR VICTIM 1.

## C. The history and characteristics of the person

The Defendant was previously convicted for possession of child pornography in Alaska state court in 2018. He then spent six months taking advantage of a young child struggling with difficult life circumstances for his own sexual pleasure. That the Defendant was not deterred by his previous conviction demonstrates his underlying unsatiable sexual interest in children. Separately, based on evidence recovered as a result of the search of his residence, it appears the Defendant has an addiction to narcotics that could lead to his own self-harm or the harm of those in his community, particularly children, if released.

//

//

//

**D. Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release**

At the time of the current offense, the Defendant was on supervised release in *State of Alaska v. William Steadman*, case no. 1SI-17-00126CR, for which he was convicted of possessing child pornography. At the time of his arrest, Defendant was reporting to his state probation officer for a scheduled meeting regarding his failure to register as a sex offender offense, which is a pending case, *State of Alaska v. William Steadman*, 1JU-24-00727CR.

**E. The nature and seriousness of the danger to any person or the community**

The Defendant poses a serious risk to his community. The Defendant has demonstrated that he cannot be trusted when he is near minors. He produced child pornography with a minor close to him and then shared those images with others across the dark web. The Defendant was previously given a chance to show he was not a danger to the community when he was released from prison on his prior offense, and he failed.

At least six minors have been identified through the course of this investigation that the Defendant had close and continuous contact with that law enforcement has serious concerns for. The Defendant has bragged about his exploits on the dark web and how quickly he was able to lure and gain access to MINOR VICTIM 1. Law enforcement's investigation has also revealed that he has and continues to violate a protective order for a minor victim.

The United States is particularly concerned about the writings law enforcement found in the Defendant's notebook. They portray a man that has contemplated retaliation

*United States v. Steadman*
1:24-mj-00070-MMS                    Page 11 of 13
Case 1:24-cr-00009-TMB-MMS    Document 7    Filed 09/12/24    Page 11 of 13

for those that betray him, has a fascination with death and torture, and has trained extensively with firearms. The Defendant's obsession with MINOR VICTIM 1 and the Defendant's "Pre-Occupations" illustrate the danger he poses to the community.

The Defendant has also proven to be highly proficient in obfuscating his crimes through the dark web and proxy servers. Furthermore, he has thought out what type of victim he wants in his writing—minors between 9 and 17—and the Defendant has shown he can bring those desires to life. Thus, while computer monitoring may address the danger posed by less sophisticated offenders, the record provides ample reason to conclude that this Defendant can evade court ordered restrictions and would continue to pose a serious danger if released.

## IV.    CONCLUSION

Even the most restrictive sets of release conditions require a defendant's good faith compliance in order to be effective. *See Hir*, 517 F.3d at 1092 (citing *United States v. Tortora*, 922 F.2d 880, 886 (1st Cir. 1990)). The Defendant's longstanding sexual interest in children, combined with his ongoing course of conduct for which he was not deterred by prison time or conditions of supervised release, gives little basis to conclude that the Court can expect to see such good faith compliance here. And if the Defendant were to reoffend while on pretrial release, not only would the harm caused by such recidivist conduct likely be severe, but it would be inflicted on the most vulnerable members of his community—minor children. Given the serious nature of the Defendant's conduct and the penalties he faces if convicted, there are no conditions that would ensure his appearance in court or the protection of the community if he were to be released.

*United States v. Steadman*
1:24-mj-00070-MMS                          Page 12 of 13
Case 1:24-cr-00009-TMB-MMS     Document 7     Filed 09/12/24     Page 12 of 13

RESPECTFULLY SUBMITTED September 12, 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ *Mac Caille Petursson*
MAC CAILLE PETURSSON
Assistant United States Attorney

*s/ McKenzie Hightower*
MCKENZIE HIGHTOWER
Trial Attorney, Department of Justice
Child Exploitation and Obscenity Section

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

*s/ Mac Caille Petursson*

*United States v. Steadman*
1:24-mj-00070-MMS                    Page 13 of 13
Case 1:24-cr-00009-TMB-MMS    Document 7    Filed 09/12/24    Page 13 of 13